EMMA ETTA VICKERY v. ESTHER VICKERY.

170 So. 745.

Opinion Filed November 23, 1936.
Rehearing Denied December 10, 1936.

*J. G. Mathis, C. R. Mathis* and *James N. Daniel,* for Appellant;

*Stokes & Douglas,* for Appellee;

*Watson & Pasco & Brown,* as *Amici Curiae.*

DAVIS, J.—This case involves a will alleged to have been executed by one William Charles Vickery on November 16, 1926, during the course of his being initiated into a lodge of Scottish Rite Masons pursuant to an initiation ceremony in which the making of a will by the initiate is a prerequisite to taking a degree in membership. The County Judge denied probate. The Circuit Judge affirmed his decision on appeal from the probate order. The case comes to this Court on final appeal from the decision of the Circuit Judge.

The proof shows that the testator, sometime prior to the date of the alleged will, had made application to become a member of the Scottish Rite Masons in Pensacola, Florida. At certain stated occasions of once a year or so, classes were formed for inducting applicants into the degrees. On November 16, 1926, the testator reported to the Lodge building in Pensacola, Florida, in response to a notice to appear there for initiation.

One of the qualifications for membership in Scottish Rite Masonry is that every candidate, prior to his being taken into the order, is required to execute his last will and testament, in the event he has not already prior thereto duly made his will. Vickery, the initiate in this case, not having made any will prior to his appearance at the Pensacola Lodge building for initiation, was one of a class of several others similarly situated who were informed that they must each make their last wills before further proceeding in their induction to membership.

At the conclusion of the initiation ceremony a purported last will and testament signed with the signature, "William

Charley Vickery," and filled out on one of the lodge's regular printed forms habitually provided to be used for the purpose of making last wills and testaments in connection with lodge initiations, was turned over to the lodge secretary, duly attested and witnessed in such form as to be entitled to probate under Florida law, if genuine. After Vickery's death the purported testamentary document was mailed by the lodge secretary to testator's widow, Emma Etta Vickery, who later offered it for probate.

The alleged testamentary document devised the testator's property to its proponent, testator's widow. Probate was resisted by testator's daughter, whose challenge was sustained by the County Judge apparently on the theory that the will, being executed merely as a ceremonial one, was made absent testamentary intent, and therefore not entitled to be recognized as testator's last will and testament.

The Circuit Judge, in affirming the County Judge's refusal to probate the will, apparently decided the case on a different theory. The Circuit Judge's theory apparently was that proof of execution, testified to by the subscribed witnesses, taken in connection with the peculiar signature to the purported will, which was not testator's name, "Vickery," but "Vickey," signed to the alleged will as tendered for probate, was not sufficient to make out the necessary proof of execution of the will in order to entitle it to be probated as a testamentary document.

Whether a will executed as part of the ceremony of initiation into a secret order can be established as a valid will depends upon the intent with which it was executed. It should be presumed to have been made with testamentary intent when appearing to have been executed with required legal formalities with necessary witnesses, even though executed as part of the ceremony of initiating testator into

a secret society. *In re:* Watkins, 116 Wash. 190, 198 Pac. Rep. 721, 17 A. L. R. 372.

But when such a will is found, as in this case, to have been signed with a name not the exact name of the testator, although evidently signed in testator's handwriting, and uncertainty and doubt is otherwise shown to have surrounded the supposed making and execution of the alleged will at the time it purports to have been executed in a lodge room as a testamentary document forming part of the testator's initiation into a secret order, the holding of the Probate Judge, affirmed by the Circuit Judge on appeal, refusing to allow such doubtful will to probate as the testamentary act of the alleged testator, will not be disturbed on final appeal from the two earlier decisions, unless the evidence in the case is so clear and convincing in support of the genuineness of the execution of the will with its attendant legal formalities, as to lead to no other conclusion than that the finding against the will by the County Judge, as affirmed by the Circuit Judge, is clearly wrong.

We are unable to declare from the record in the present case that the decision of the Circuit Judge refusing to reverse the County Judge was clearly wrong on the evidence as a whole, so the decree appealed from should not be reversed.

Affirmed.

WHITFIELD, C. J., and TERRELL and BROWN, J. J., concur.

ELLIS, P. J., concurs specially.

ELLIS, P. J. (concurring specially).—I agree that the order of the Probate Judge was correct. That the execution of the so-called will was a ceremonial rite which excluded a purpose to make a final disposition of the initiate's property.